# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GREGORY S. SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 4:22-cv-00522-SEP |
| ) | |
| GENERAL DAVID H. BERGER, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Gregory S. Simpson's Petition for a Writ of Habeas Corpus and Declaratory Judgment under 28 U.S.C. § 2241, Doc. [1]. For the reasons set forth below, the petition is denied.

### FACTS AND BACKGROUND

Mr. Simpson filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The named respondents are General David H. Berger, Commandant of the Marine Corps; The Honorable Carlos Del Torro, Secretary of the Navy; The Honorable Lloyd J. Austin, III, Secretary of Defense; and the United States of America. Petitioner claims that he is "currently serving a suspended sentence to confinement" at a private address within this judicial district. Doc. [1].

After Plaintiff entered into a pretrial agreement—the military equivalent of a plea deal—a military judge found Petitioner guilty of conspiracy to create and distribute an indecent visual recording, aiding and abetting the creation of an indecent visual recording, aiding and abetting the distribution of an indecent visual recording, and assault consummated by a battery. *Id.* at 5. Petitioner was reduced to the rank of private, discharged from the Marine Corps, and sentenced to 32 months of confinement. *Id.* at 4-5. As specified in the pretrial agreement, he was confined for 18 months, and the rest of the sentence was suspended for 44 months. *Id.* at 6.

Petitioner challenged his convictions and sentence within the military court system. Both the Navy-Marine Corps Court of Criminal Appeals (NMCCA) and the United States Court of Appeals for the Armed Forces (CAAF) affirmed the convictions. Doc. [1] at 7-8. Petitioner's Petition for a Writ of Certiorari to the United States Supreme Court was denied. *See* Doc. [1-5].

Petitioner was "released from the brig at Camp Lejeune, North Carolina, on or about November 27, 2018, for Mandatory Supervised Release (MSR)," but before he was released, military officials required him to register as a sex offender in North Carolina. Doc. [1] at 6.

Petitioner claims that, because he was forced to register as a sex offender in North Carolina, he was also required to register as a sex offender in Missouri. *Id*. at 10. Petitioner also claims that he would not have had to register as a sex offender in Missouri "but for his forced registration in North Carolina." *Id.* Petitioner now petitions for a writ of habeas corpus, arguing that he is entitled to a declaratory judgment because his conviction for distribution of indecent images was unconstitutional, the decisions of the NMCCA and CAAF were wrong, and he should not have had to register as a sex offender. *Id.* at 14-28.

## LEGAL STANDARD

Federal courts may review military habeas corpus petitions on their merits when the defendant's claims were not given full and fair consideration by military courts. *Burns v. Wilson*, 346 U.S. 137, 142-44 (1953). But before the Court can assess the merits, it must ensure that it has jurisdiction. A district court may grant a writ of habeas corpus to a person in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). "In custody" does not require physical confinement; it can include conditional release from physical confinement, such as parole. *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (citing *Jones v. Cunningham*, 371 U.S. 236, 242 (1963)). The "in custody" requirement is jurisdictional. *Id.* at 490. A petitioner must be "in custody" for the conviction or sentence under attack at the time the petition is filed. *Id.* at 490-91.

## DISCUSSION

### I. **Petitioner was not in custody at the time he filed the Petition.**

A petitioner must be "in custody" at the time he files an application for habeas corpus. *See* 28 U.S.C. § 2241; *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). As soon as an individual is released from prison or his parole or sentence expires, he is no longer considered "in custody" for habeas purposes. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Individuals not physically incarcerated may still be considered "in custody" when they suffer significant restraints not shared by the public generally. *Jones v. Cunningham*, 371 U.S. 236, 240 (1963); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). An individual on parole is generally considered "in custody" for habeas purposes. *Jones*, 371 U.S at 243. In *Jones*, the terms of the petitioner's parole included requiring him to remain in a particular community and to regularly report to his parole officer. The Supreme Court found that because the petitioner's release from incarceration was conditional, his parole significantly restrained his freedom and thus satisfied the "in custody" requirement. *Id.* at 242-43; *see also Barks v. Armontrout*, 872 F.2d 237, 238 (8th Cir. 1989) (although the appellant had been

2

released on probation, he remained eligible for habeas relief). This Court has held similarly, applying that reasoning to suspended sentences. *See Mohammad v. Heston*, 542 F. Supp. 2d 949, 952-53 (E.D. Mo. 2007); *Mooring v. Wallace*, 2014 WL 2863599, at *2 (E.D. Mo. June 24, 2014). In *Mohammad*, this Court found that a petitioner's suspended sentence and probation at the time of filing the petition satisfied the "in custody" requirement. *Mohammad*, 542 F. Supp. at 953.

Petitioner argues that his suspended sentence satisfies the "in custody" requirement. Doc. [1] at 12-13. Although his suspension was supposed to expire on January 2, 2022, he claims that he did not receive any paperwork implementing that expiration, and he was not discharged from the Marine Corps until September 1, 2022. *See* Doc. [1] at 10; Doc. [4] at 1; Doc. [4-1]. Therefore, he argues, he was still under his suspended sentence and "in custody" when he filed the Petition on May 12, 2022. Doc. [4] at 1-3.

Military courts use the Rules for Courts-Martial to govern procedural matters, including when suspended sentences like Petitioner's are remitted.[1] A suspended sentence is remitted—and the unexecuted portion of the sentence thus canceled—as soon as the designated period of the suspension expires. Rule for Courts-Martial 1108(a) states that when the accused successfully completes his suspended sentence, his sentence is remitted, and "[r]emission cancels the unexecuted part of a sentence to which it applies." The Rule further states that the "convening authority shall provide in the action that unless the suspension is sooner vacated, the expiration of the period of suspension shall remit the suspended portion of the sentence." R.C.M. 1108(d). And finally, Rule 1108(e) provides: "Expiration of the period provided in the action suspending a sentence or part of a sentence shall remit the suspended portion unless the suspension is sooner vacated." Consistent with Rule 1108, Petitioner's pretrial agreement stated that "all confinement in excess of eighteen months will be suspended for the period of confinement adjudged plus 12 months thereafter, at which time, unless sooner vacated, the suspended portion will be remitted without further action." *United States v. Simpson*, 2020 WL 1173334, at *8 (N-M. Ct. Crim. App. Mar. 11, 2020). And the convening authority's action stated that, at the end of the suspension period, "the suspended part of the confinement sentence will be automatically remitted."[2] *Id*.

---

[1] The 2016 edition of the Manual for Courts-Martial was in effect at the time Petitioner was sentenced.

[2] In the military justice system, the service member is sentenced at the conclusion of the court-martial proceedings. But after the sentencing, the court-martial convening authority—a commanding officer empowered by the Uniform Code of Military justice to convene courts-martial— may take action to modify portions of the sentence or approve the sentence as rendered by the court-martial by taking no action.

During Petitioner's direct appeal, the NMCCA adjusted the timeline of his suspended sentence. Based on Petitioner's reasonable misunderstanding of the pretrial agreement, the NMCCA ordered the 44-month suspension period to begin on the date Petitioner was sentenced, not the date of the convening authority's action several months later. *Id*. at *9. That decision meant that Petitioner's suspended sentence would expire on January 2, 2022. Petitioner argues that the NMCCA's decision was inchoate, and that his suspension did not actually expire on January 2, 2022, because the convening authority never took supplemental action based on the NMCCA's decision. Doc. [4] at 2-3. If that were true, Petitioner still would not have been in custody when he filed his habeas petition. The convening authority's action took place on August 27, 2018. *Simpson*, 2020 WL 1173334, at *8 n.22. Forty-four months after August 27, 2018, is April 27, 2022. Petitioner did not file the Petition until May 13, 2022. Doc. [1]. Thus, whether his suspension was remitted on January 2, 2022, or 44 months after the convening authority's action, Petitioner failed to file for habeas corpus while he was still "in custody."

Although Petitioner never received documentation stating that his sentence had been remitted, the sentence was automatically remitted on April 27, 2022, at the latest, and he was no longer under a suspended sentence on May 13, 2022, when he filed the Petition. For that reason, Petitioner was not "in custody" by virtue of his suspended sentence when he filed for habeas corpus. The Petition is therefore denied on that ground.

II.     **Petitioner's registration as a sexual offender is insufficient to render him in custody for § 2241 purposes.**

Petitioner also argues that the "in custody" requirement is satisfied because he continues to be an erroneously registered sex offender. Doc. [1] at 13. The "in custody" requirement does not require "that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Since *Jones v. Cunningham*, 371 U.S. 236, 243 (1963), the question is: "Is the petitioner subject to conditions that 'significantly restrain [his] liberty to do those things which in this country free men are entitled to do'?" *Clements v. Florida*, 59 F.4th 1204, 1217 (11th Cir. 2023) (Newsom, J., concurring) (quoting *Jones*, 371 U.S. 236, 243 (1963), *cert. denied*, 144 S. Ct. 488 (2023).

The restraints imposed on sex offenders vary by state and depend on the nature of the sex offense committed. Petitioner provided almost no evidence about the restraints he faces as a registered sex offender in Missouri. His response to the Court's Show Cause Order discusses only his suspended sentence. *See* Doc. [4]. And the Petition includes one paragraph arguing that

4

"continuing to be under an erroneous sex offender registration requirement" renders him "in custody" because it "greatly limits where Petitioner can live, and continues to negatively impact his ability to have contact with his minor daughter." Doc. [1] at 13. Petitioner does not specify what laws restrict his movement or how his contact with his minor daughter is limited. Nor does he identify what "tier' sex offender he is under Missouri law. *See* Mo. Rev Stat. § 589.414.

As the party invoking the jurisdiction, Petitioner "bears the burden of proving that he is in custody." *Corridore v. Washington*, 71 F.4th 491, 494 (6th Cir. 2023). His failure to make that showing is a sufficient basis for dismissal. But even the Court's own inquiry shows that Missouri's sex offender registration requirements do not render Petitioner "in custody." Missouri's online registry of sex offenders shows that Petitioner is a Tier 1 offender. *See Sex Offender Registry*, Mo. State Highway Patrol, https://perma.cc/4ZA7-SKGC (last visited July 2, 2024). Petitioner is required to register with the Missouri State Highway Patrol and provide identifying information including his address, vehicle information, any online identifiers, employment information, fingerprints, a photograph, and a DNA sample. *See* Mo. Rev. Stat. § 589.407.1(1)-(4). And as a Tier 1 offender—the lowest tier—Petitioner is required to report in person to the chief law enforcement officer of his city or county once a year to verify that information. *Id*. § 589.414.5. If Petitioner changes his name, address, or employment status, he must notify the local chief law enforcement officer in person within three business days of the change. *Id*. § 589.414.1. He also must notify law enforcement within three days of a change to his vehicle information, temporary lodging or residence, telephone number, or "[e]mail addresses, instant messaging addresses, and any other designations used in internet communications, postings, or telephone communications," but that notification need not be in person. *Id*. § 589.414.2. A sex offender is also required to "[a]void all Halloween-related contact with children," remain inside his residence on Halloween night, and post a sign at his residence stating, "No candy or treats at this residence." *Id*. § 589.426.

In addition to those requirements, Missouri places additional restrictions on sex offenders who have committed certain offenses. Some offenders—generally those convicted of sex offenses involving children—are prohibited from (1) living within 1000 feet of a school, childcare facility, or victim's residence, *id*. § 566.147; (2) being physically present or loitering within 500 feet of a childcare facility, *id*. § 566.148; (3) being present within 500 feet of school property, unless they are a parent or legal guardian who has obtained permission from the appropriate school official, *id*. § 566.149; (4) being present or loitering within 500 feet of a public park, swimming pool, athletic complex, museum, or nature center with "the primary purpose of entertaining or educating children

5

under eighteen years of age," *id*. § 566.150; and (5) serving as an athletic coach, manager, or trainer "for any sports team in which a child less than seventeen years of age is a member" and "supervis[ing] or employ[ing] any child under eighteen years of age," *id*. § 566.155.

As noted above, Petitioner argues that his registration "greatly limits where [he] can live, and continues to negatively impact his ability to have contact with his minor daughter." Doc. [1] at 13. But he did not identify which of the provisions in Mo Rev. Stat. §§ 566.147-.155 apply to him. Petitioner's convictions do not involve children and do not appear to be similar to any of the triggering offenses listed in Mo Rev. Stat. §§ 566.147-.155. Thus, the Court has no basis to conclude that Petitioner's liberty is restricted by any of the offense-dependent provisions.

"In order for [the 'in custody'] requirement to be met, there must be a significant restraint imposed on one's liberty." *Russell v. City of Pierre*, 530 F.2d 791, 792 (8th Cir. 1976). Petitioner is required to provide periodic updates to law enforcement and may have some restrictions on where he can live. Those restrictions are not "severe." *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist.*, 411 U.S. 345, 351 (1973). Petitioner is generally free to "come and go as he pleases" and his "freedom of movement" does not "rest[ ] in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice." *Id*. He is not confined "to a particular community, house, and job at the sufferance of" the state. *Jones*, 371 U.S. at 242. Those "collateral consequences . . . are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack." *Maleng*, 490 U.S. at 492. Consistent with decisions in "the great majority of the circuits," Petitioner's sex offender registration and reporting requirements do not make him "'in custody' for purposes of habeas corpus relief." *Clements*, 59 F.4th at 1212 (collecting cases); *but see Piasecki v. Ct. of Common Pleas, Bucks Cnty*, 917 F.3d 161, 177 (3d Cir. 2019).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Gregory S. Simpson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, Doc. [1], is **DISMISSED**.

Dated this 13th day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE